UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>   v.<br><br>THE NETHERLANDS INSURANCE COMPANY – A STOCK COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Phoenix Insurance Company ("Phoenix"), by and through its undersigned counsel, as and for its Complaint against Defendants, The Netherlands Insurance Company- A Stock Company ("The Netherlands") and Liberty Mutual Fire Insurance Company ("Liberty"), alleges as follows:

### Nature of the Action

1. Phoenix is providing a defense to Trader Joe's East Inc. ("Trader Joe's"), in a lawsuit entitled *Dominick D'Amico v. American Refrigeration Company, Inc., et al.,* Docket No. HHD-CV20-6124211-S currently pending in Connecticut Superior Court (the "Underlying Action").

2. In this action, Phoenix seeks a declaration that Netherlands and Liberty are obligated to defend and indemnify Trader Joe's as an additional insured under the policies of insurance issued by Netherlands and Liberty, on a primary, non-contributory basis, and that Phoenix is entitled to judgment for all defense and indemnity costs incurred on behalf of Trader Joe's in the Underlying Action.

## Parties

3. At all times relevant hereto, Phoenix was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, defendant Netherlands was and is a New Hampshire corporation with a principal place of business in Boston, Massachusetts.

5. Upon information and belief, at all times relevant hereto, defendant Liberty was and is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to this claim occurred here.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policies issued by Netherlands and Liberty.

9. Phoenix has no adequate remedy at law.

## The Insurance Policies

10. Phoenix issued to Cutler Associates, Inc. ("Cutler") a policy of Commercial General Liability insurance bearing policy number DT-CO-5G218787-PHX-17 with effective dates of 12/1/2017 to 12/1/2018 (the "Phoenix Policy").

11. Subject to certain terms, conditions, and exclusions, the Phoenix Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The Phoenix Policy contains excess "other insurance" language which provides, in relevant part:

> SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS
>
> \*\*\*
>
> 4. Other Insurance
>
>    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
>    \*\*\*
>
>    b. Excess Insurance
>
>       This insurance is excess over:
>
>       (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:
>
>       \*\*\*
>
>       (d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury And Property Damage Liability.

13. Defendant Netherlands issued to American Refrigeration Co. Inc. ("American Refrigeration") a policy of Commercial Auto insurance bearing policy number BA 8332943 with effective dates of 10/1/2017 to 10/1/2018 (the "Netherlands Policy").

14. The Netherlands Policy provides, in relevant part:

> SECTION II- LIABILITY COVERAGE
>
> A. Coverage

3

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

15. The Netherlands Policy contains a BUSINESS AUTO EXTENSION ENDORSEMENT (form no. 16-59 (3/99)), which provides, in relevant part:

> 4. ADDITIONAL INSURED BY CONTRACT, AGREEMENT OR PERMIT
>
> SECTION II - LIABILITY COVERAGE - WHO IS AN INSURED is amended to include as an insured any person or organization with whom you have agreed in writing in a contract, agreement or permit, to provide insurance such as is afforded under this policy.
>
> This provision 4. does not apply unless the written contract or agreement has been executed, or permit has been issued, prior to the "bodily injury" or "property damage.

16. The Netherlands Policy further provides, in relevant part:

> SECTION IV – BUSINESS AUTO CONDITIONS
>
> ***
>
> 5. Other Insurance
>
>    a. For any covered "auto" you own, this Coverage Form provides primary insurance.

17. Liberty issued to Wayne J Griffin Electric Inc. ("Griffin") a policy of Commercial General Liability insurance bearing policy number TB2-611-205606-027 with effective dates of 3/31/2017 to 3/31/2018 (the "Liberty Policy").

18. The Liberty Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (CG 20 10 04 13) which provides, in relevant part:

> This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

\*\*\*

**SCHEDULE**

**Name Of Additional Insured Person(s) Or Organization(s):**

All persons or organizations you have agreed by written contract or agreement prior to an occurrence or offense to provide additional insured status.

19. The Liberty Policy further contains an OTHER INSURANCE AMENDMENT –

SCHEDULED ADDITIONAL INSURED endorsement (LC 24 20 02 13) which provides, in

relevant part:

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART

**Schedule**

**Person or Organization:** Where required by contract

If you are obligated under a written agreement to provide liability insurance on a primary, excess, contingent, or any other basis for any person or organization shown in the Schedule

5

of this endorsement that qualifies as an additional insured on this policy, this policy will apply solely on the basis required by such written agreement and Paragraph 4. Other Insurance of Section IV - Conditions will not apply. If the applicable written agreement does not specify on what basis the liability insurance will apply, the provisions of Paragraph 4. Other Insurance of Section IV - Conditions will govern. However, this insurance is excess over any other insurance available to the additional insured for which it is also covered as an additional insured by attachment of an endorsement to another policy providing coverage for the same "occurrence", claim or "suit".

## **Background Facts**

20. At all relevant times, Trader Joe's owned 200 Phoenix Crossing, Bloomfield, Connecticut (the "Premises").

21. By way of contract dated April 28, 2017, Trader Joe's hired Cutler to serve as general contractor for the construction of a Trader Joe's warehouse on the Premises.

22. On or about July 18, 2017, Cutler entered into a subcontract with Griffin to perform work at the Premises (the "Griffin Subcontract").

23. The Griffin Subcontract provides, in relevant part:

15.2 Insurance certificates indicating that the above coverages are in place shall be submitted to Cutler first, for the design work errors and omissions policy, before the design work starts and for the balance, insurance certificates indicating that the above coverages are in place shall be issued to Cutler prior to commencement of Work at the Project site. Any policy exclusions shall be stated on the certificates. Each insurance certificate must contain, as evidence of the required endorsements, the following: (1) Cutler Associates, Inc., and other interested parties as designated by Cutler and/or the Contract Documents, is (are) Additional Insured on a primary and non-contributing basis on the general liability, automobile and excess (umbrella) policies; and (2) waiver of subrogation in favor of Cutler Associates, Inc. applies on all policies. The DesignBuild Subcontractor's current Worker's Compensation Experience Modifier (MOD) must be included on the certificate.

***

15.4 The Design-Build Subcontractor shall name Cutler Associates, Inc. and/or the Owner and/or any other interested parties as designated by the Contract Documents, as additional insured on all liability policies of the Design-Build Subcontractor, throughout the duration of the Project . . . .

24. On or about September 25, 2017, Cutler subcontracted with American Refrigeration to perform work at the Premises (the "American Refrigeration Subcontract").

6

25. The American Refrigeration Subcontract provides, in relevant part:

15.2   Insurance certificates indicating that the above coverages are in place shall be submitted to Cutler first, for the design work errors and omissions policy, before the design work starts and for the balance, insurance certificates indicating that the above coverages are in place shall be issued to Cutler prior to commencement of Work at the Project site. Any policy exclusions shall be stated on the certificates. Each insurance certificate must contain, as evidence of the required endorsements, the following: (1) Cutler Associates, Inc., and other interested parties as designated by Cutler and/or the Contract Documents, is (are) Additional Insured on a primary and non-contributing basis on the general liability, automobile and excess (umbrella) policies;

***

15.4   The Design-Build Subcontractor shall name Cutler Associates, Inc. and/or the Owner and/or any other interested parties as designated by the Contract Documents, as additional insured on all liability policies of the Design-Build Subcontractor, throughout the duration of the Project . . . .

26. On or about December 22, 2017, Griffin subcontracted with Tradesource, Inc. ("Tradesource") for work at the Premises.

27. At all relevant times, the Claimant in the Underlying Action was an employee of Tradesource.

28. In the Underlying Action, the Claimant alleges that, on February 6, 2018, he was walking in the parking lot of the Premises when he slipped and fell on ice.

29. In the Underlying Action, the Claimant further alleges that, just after he slipped and fell, his foot and ankle were driven over by an American Refrigeration truck.

30. In the Underlying Action, the Claimant asserts negligence causes of action against American Refrigeration, Trade Joe's, and Griffin seeking to recover for the injuries he allegedly sustained on February 6, 2018.

31. Phoenix has been providing and continues to provide Trader Joe's a defense in the Underlying Action.

32. In the Underlying Action, Trader Joe's has asserted third-party claims against Griffin and Tradesource.

### Tenders to Netherlands

33. By letter dated February 4, 2020, Phoenix tendered the defense and indemnity of Trader Joe's to Netherlands and American Refrigeration.

34. By email correspondence dated September 8, 2022, Phoenix renewed its tender on behalf of Trader Joe's.

35. To date, Netherlands has failed to provide additional insured coverage to Trader Joe's under the Netherlands Policy.

### Tenders to Liberty

36. By letter dated October 20, 2020, Phoenix tendered the defense and indemnity of Trader Joe's to Liberty and Griffin.

37. By letter dated January 18, 2022, Liberty denied that tender.

38. To date, Liberty has refused to provide additional insured coverage to Trader Joe's under the Liberty Policy.

### Cause of Action for Declaratory Relief

39. Phoenix repeats, realleges, and incorporates each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Trader Joe's qualifies as an additional insured under the Netherlands Policy.

41. Trader Joe's qualifies as an additional insured under the Liberty Policy.

42. Trader Joe's is entitled to a defense under the Netherlands Policy.

43. Trader Joe's is entitled to a defense under the Liberty Policy.

44. Trader Joe's is entitled to indemnification under the Netherlands Policy for any verdict or judgment rendered against it in the Underlying Action.

45. Trader Joe's is entitled to indemnification under the Liberty Policy for any verdict or judgment rendered against it in the Underlying Action.

46. The coverages provided to Trader Joe's under the Netherlands Policy and the Liberty Policy are primary and non-contributory to any coverage provided by the Phoenix Policy.

47. Netherlands and Liberty have refused to fulfill their coverage obligation to Trader Joe's with respect to the Underlying Action.

48. Accordingly, Phoenix seeks a declaration that Netherlands and Liberty have an obligation to defend and indemnify Trader Joe's as an additional insured under the Netherlands Policy and the Liberty Policy; that the coverages provided by the Netherlands Policy and the Liberty Policy to Trader Joe's are primary; and that the obligations of Phoenix to Trader Joe's in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Netherlands Policy and the Liberty Policy.

49. In addition, Phoenix seeks an award at law and in equity against Netherlands and Liberty for recovery of all sums Phoenix has paid and continues to pay in the defense of Trader Joe's in the Underlying Action because the coverages provided by the Netherlands Policy and the Liberty Policy are primary to any coverage provided by Phoenix.

WHEREFORE, Phoenix respectfully requests that this Court issue judgment as follows:

1. Declaring that Trader Joe's is an insured under the Netherlands Policy to whom Netherlands owes coverage with respect to the Underlying Action;

2. Declaring that Trader Joe's is an insured under the Liberty Policy to whom Liberty owes coverage with respect to the Underlying Action;

3. Declaring that Netherlands has a duty to defend Trader Joe's in connection with the Underlying Action;

4. Declaring that Liberty has a duty to defend Trader Joe's in connection with the Underlying Action;

5. Declaring that Netherlands has a duty to indemnify Trader Joe's in connection with the Underlying Action;

6. Declaring that Liberty has a duty to indemnify Trader Joe's in connection with he Underlying Action;

7. Declaring that Netherlands' coverage obligations to Trader Joe's with respect to the Underlying Action are primary to any coverage provided by Phoenix to Trader Joe's;

8. Declaring that Liberty's coverage obligations to Trader Joe's with respect to the Underlying Action are primary to any coverage provided by Phoenix to Trader Joe's;

9. Declaring that the obligations of Phoenix to Trader Joe's in connection with the Underlying Action are excess and non-contributory to those of Netherlands;

10. Declaring that the obligations of Phoenix to Trader Joe's in connection with the Underlying Action are excess and non-contributory to those of Liberty;

11. Awarding judgment against Netherlands in an amount equal to the sum that Phoenix has incurred and continues to incur in defending the claims against Trader Joe's in the Underlying Action;

12. Awarding judgment against Liberty in an amount equal to the sums that Phoenix has incurred and continues to incur in defending the claims against Trader Joe's in the Underlying Action;

13. Awarding judgment against Netherlands in an amount equal to any sums that Phoenix may incur to resolve and indemnify Trader Joe's for the claims in the Underlying Action;

14. Awarding judgment against Liberty in an amount equal to any sums that Phoenix may incur to resolve and indemnify Trader Joe's for the claims in the Underlying Action;

15. Granting an award in favor of Phoenix for the costs of suit incurred herein; and

16. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, CT
May 8, 2023

                RESPECTFULLY SUBMITTED:

                PLAINTIFF
                The Phoenix Insurance Company


By:   /s/Logan A. Carducci
      Logan A. Carducci
      USERY AND ASSOCIATES
      Attorneys for Plaintiff
      Main:917-778-6680
      Fax: 844-571-3789
      Email: lcarducc@travelers.com

      <u>Please address all correspondence sent by mail to:</u>
      P.O. Box 2996
      Hartford, CT 06104-2996

      <u>Physical Address</u>:
      485 Lexington Avenue, 6th Floor
      New York NY 10017